IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTOINETTE PARDINEK WATSON          §
                                    §
              Plaintiff,            §
                                    §
VS.                                 §          NO. 3-08-CV-2065-G
                                    §
PROVIDENT LIFE AND ACCIDENT         §
INSURANCE COMPANY                   §
                                    §
              Defendant.            §

## MEMORANDUM ORDER

Plaintiff has filed a motion to compel discovery in this civil action seeking benefits under a

long-term disability insurance policy. At issue are two contention interrogatories, two interrogatories

asking for information about consultants who assisted defendant in evaluating plaintiff's disability

claim, and a document request seeking copies of pleadings from every lawsuit brought against

defendant in the last five years alleging the denial of disability benefits without a reasonable basis

or in bad faith. The parties have briefed their respective positions in a joint status report filed on

June 25, 2009, and the motion is ripe for determination.

In two interrogatories, plaintiff asks defendant to:

### Interrogatory No. 1:

Please state whether you admit or deny each of the facts alleged in
section III of Plaintiff's Original Petition.

### Interrogatory No. 2:

If you deny any of the facts alleged in section III of Plaintiff's Original
Petition, please state the basis for each such denial.

(*See* Jt. Stat. Rep. App., Exh. A, Interrog. #1 & 2).  Defendant responded that it "admits some and denies some of the allegations in section III of Plaintiff's Original Petition," and referred plaintiff to its amended answer and certain documents produced in discovery for the basis of its denials.  (*See id.*, Exh. A, Interrog. #1 & Exh. B, Supp. Interrog. #2).  Plaintiff maintains that these interrogatory answers are incomplete, evasive, and contrary to prior decisions from this court requiring a party to provide narrative answers to contention interrogatories.  Defendant counters that it fairly responded to the questions posed by plaintiff.

The court agrees with defendant.  Section III of Plaintiff's Original Petition consists of four unnumbered paragraphs alleging numerous facts.  In its amended answer filed on March 18, 2009, defendant admitted some of the factual allegations and denied other allegations.  Interrogatory No. 1 is superfluous to the extent it asks defendant to once again admit or deny those facts.[1]  Interrogatory No. 2 is overly broad as drafted.  If plaintiff wants to know why defendant denied certain factual allegations, she must propound separate interrogatories or subparts for each fact denied by defendant.  Only then will defendant be required to generally explain why it denied those specific facts.  It is improper to ask defendant to explain the factual basis of all its denials in one broad interrogatory.

The court reaches a different conclusion with respect to Interrogatory Nos. 6 and 7.  By these interrogatories, plaintiff seeks the following information pertaining to Dr. Joel Saks, an on-site physician for Provident Life, and Arthur Dumont, a vocational consultant, both of whom assist defendant in evaluating disability claims:

> (a)   The number of times that Defendant referred a matter involving a disability claim to [Saks or Dumont] for handling in each year between January 1, 2003 and April 11, 2008.

---

[1] If plaintiff believes that defendant has not satisfied the pleading requirements of Rule 8(b), she may file an appropriate motion with the court after conferring with opposing counsel.

(b)    The number of times that Defendant denied a disability claim, or affirmed during an administrative appeal its prior denial of a disability claim, in reliance (in whole or in part) upon the services performed by [Saks or Dumont] for each year referenced in subpart a above.

(*See id.*, Exh. A, Interrog. #6 & 7).   Contrary to defendant's objections, these interrogatories are neither vague, ambiguous, or overly broad.  It is clear from the interrogatories that plaintiff wants to know:  (1) how many disability claims Saks and Dumont worked on in 2003, 2004, 2005, 2006, 2007, and 2008; and (2) how many times during each of those years defendant denied a disability claim in reliance on the services performed by Saks and Dumont.[2]  Not only is this information relevant to plaintiff's allegations of bad faith, but defendant has listed both Saks and Dumont as persons with knowledge of relevant facts.  (*See id.*, Exh. A, Interrog. #4(g) & (u); *id.*, Exh. F, Init. Discl. #A-8 & A-30).  Plaintiff is entitled to know whether defendant routinely denies disability claims based on the evaluations performed by Saks and Dumont, if only to show a potential bias on the part of these consultants.  Although defendant maintains that it would be unduly burdensome and oppressive to answer the interrogatories in their present form, there is no evidence to support that objection.

Finally, plaintiff seeks an order compelling defendant to produce:

Each original, amended or supplemental petition or complaint from any lawsuit filed against Defendant in the last five years alleging a denial of disability benefits without a reasonable basis or in bad faith.

(*See id.*, Exh. D, RFP #8).  Defendant objects that this document request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

---

[2]  In the joint status report, defendant points out that neither Saks nor Dumont "handle" disability claims or make determinations as to whether a claimant is or is not entitled to disability benefits.  (*See* Jt. Stat. Rep., Def. Supp. at 9). The court doubts whether the attorneys fully discussed this objection during their pre-motion conference. Had they done so, it is likely that plaintiff would have revised her interrogatory accordingly.

privileged or confidential information. (*Id.*).  Subject to those objections, defendant provided

plaintiff with a list of lawsuits filed in Texas during the last five years involving an individual

disability income policy. (*Id.*).  The court agrees with defendant that plaintiff is not entitled to any

information about lawsuits outside Texas, which likely are governed by different state laws and may

involve different facts.  Nor is defendant, who does not maintain copies of pleadings in a central

location, required to produce the documents requested by plaintiff.  If plaintiff wants copies of

pleadings in the Texas cases, she can obtain them herself. *See Lunsmann v. Spector*, 761 S.W.2d

112, 114-15 (Tex. App.--San Antonio 1988) (orig. proceeding) ("[W]hile relators are entitled to

know the existence of other similar claims against Metropolitan to establish an unfair course of

dealing, their request for production is unduly burdensome by requesting copies of the pleadings.").

<u>**CONCLUSION**</u>

For these reasons, plaintiff's motion to compel [Doc. #20] is granted in part and denied in

part.  The motion is granted with respect to Interrogatory Nos. 6 and 7.  Defendant shall supplement

its answers to these interrogatories by **<u>July 28, 2009</u>**, unless the parties extend this deadline by

agreement.  In all other respects, the motion is denied.

SO ORDERED.

DATED:  July 7, 2009.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE